**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 225
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FRANCISCO RAMIREZ** and **KARLA CAAMAL**, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**GRAND CAFÉ, INC.,** an Oregon business corporation, doing business as **ALADDIN'S CAFÉ**, **DIYANA KASSAB,** individual, and **MUTASIM KHAN**, individual<br><br>Defendants. | **Case No.:** 3:18-cv-1480<br><br>**COMPLAINT**<br><br>**FLSA Retaliation, 29 U.S.C. § 215; Oregon Wage and Hour**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.      Karla Caamal and Francisco Ramirez ("Plaintiffs") allege that Grand Café, Inc., dba Aladdin's Café, Diyana Kassab and Mutasim Khan ("Defendants") constructively discharged and otherwise discriminated against Francisco Ramirez after Plaintiffs made a

complaint to the United States Department of Labor about Defendant Grand Café's wage and hour violations, in violation of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq* and Oregon anti-retaliation laws. Plaintiffs also allege that Defendant Grand Café did not pay all of Plaintiffs' wages, did not pay Plaintiffs' overtime premiums, and unlawfully deducted wages from Plaintiff Ramirez's checks, in violation of Oregon wage and hour law.

## II. JURISDICTION

2.  This Court has jurisdiction of this action pursuant to the following:

    a.  29 U.S.C. §216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

    b.  28 U.S.C. §1331, as this action arises under the laws of the United States;

    c.  28 U.S.C. §1337, as this action arises under Acts of Congress governing commerce;

    d.  28 U.S.C. §1367, as the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

3.  Plaintiff Francisco Ramirez ("Plaintiff") is a natural person, residing in Vancouver, Washington, Clark County.

4.  Plaintiff Karla Caamal ("Plaintiff") is a natural person, residing in Vancouver, Washington, Clark County.

5.  Defendant Grand Café, Inc., dba Aladdin's Café, ("Defendant") is a restaurant business with its principal place of business in Portland, Oregon, Multnomah County, and offers Syrian food services to the public.

6. Defendant Diyana Kassab is a natural person, the president of Grand Café, Inc., and the owner and operator of Aladdin's Café.

7. Defendant Mutasim Khan is a natural person and the manager of Aladdin's Café.

## IV. FACTS

8. During Plaintiffs' employment with Defendant Grand Café, Inc., Defendants Diyana Kassab and Mutasim Khan acted directly in the interest of Defendant Grand Café, Inc. in managing Plaintiffs' employment.

9. Defendants Kassab and Khan had the power to hire and fire employees, to set schedules, and to supervise the work of employees.

10. Plaintiff Francisco Ramirez was employed by Defendants to perform cooking and kitchen preparation services from approximately 2004 through November 2017.

11. Defendants and Mr. Ramirez made an agreement that beginning in approximately March 2016, Defendants would pay Mr. Ramirez fifteen dollars ($15) per hour in exchange for Mr. Ramirez's services.

12. Mr. Ramirez worked an average of 63 hours per week from the time that he was hired through August 2017.

13. Defendants did not pay Mr. Ramirez overtime premiums for the average of 23 hours he worked over 40 in a workweek.

14. In approximately March 2016, Mr. Ramirez quit working for Defendants because of the long hours and general mistreatment.

15. Defendant Mutasim Khan, supervisor for and agent of Defendant Grand Café, Inc., threatened to call the police and immigration enforcement authorities if Mr. Ramirez did not return to work.

16. After less than a week, Mr. Ramirez returned to work for Defendants because he feared for his safety.

17. Plaintiff Karla Caamal was employed by Defendants to perform kitchen preparation services from approximately April 2016 through July 2017.

18. Ms. Caamal and Defendants made an agreement that beginning April 12th, 2016, Defendants would pay Ms. Caamal ten dollars ($10) per hour in exchange for Ms. Caamal's services.

19. Ms. Caamal and Defendants made an agreement that beginning December 1st, 2016, Defendants would pay Ms. Caamal eleven dollars and fifty cents ($11.50) per hour in exchange for Ms. Caamal's services.

20. Defendants and Ms. Caamal made an agreement that beginning the workweek of May 6, 2017 Defendant would pay Plaintiff an hourly rate of thirteen dollars and fifty cents ($13.50) in exchange for Ms. Caamal's services.

21. From April 2017 to July 2017, Ms. Caamal regularly worked more than 40 hours per week.

22. Defendants did not pay Ms. Caamal overtime premiums for the hours she worked over 40 in a workweek.

23. Among other weeks, Ms. Caamal worked 45 hours during the workweek of April 3, 2017, through April 9, 2017, for which she was paid at her regular hourly rate of pay at the time of $11.50, without any premium pay for hours worked in excess of 40.

24. In approximately August 2017, Plaintiffs complained to the United States Department of Labor (DOL) that they were not paid overtime by Defendant Grande Café, Inc.

25. DOL opened an investigation into Defendant Grande Café, Inc.'s compliance with federal law, and Plaintiffs cooperated with the investigation in August and September 2017.

26. DOL concluded that Plaintiffs were not receiving overtime pay, but that it did not have jurisdiction over Plaintiffs' claims because of the size of Defendant Grande Café, Inc.'s restaurant.

27. After the DOL investigation ended, Defendants Diyana Kassab and Mr. Khan would regularly yell at and insult Mr. Ramirez, fail to give Mr. Ramirez rest and lunch breaks, refuse to give him time off, and punitively increase his workload.

28. As a result of harassment by Defendants Kassab and Khan, Mr. Ramirez's working conditions became so intolerable he had no choice but to quit his employment with Defendants.

29. After termination of Mr. Ramirez's employment, Defendant Khan again verbally threatened Mr. Ramirez.

30. As a result of Defendants' conduct as alleged herein, Mr. Ramirez suffered from emotional distress, anxiety, and pain and suffering.

31. As a result of Defendants' conduct as alleged herein, Mr. Ramirez suffered from economic loss.

32. During his employment, Defendants Kassab and Khan, on behalf of Defendant Grand Café, Inc. repeatedly instructed Mr. Ramirez not to record all of his time worked on the employee time clock to avoid paying Mr. Ramirez all of the wages and overtime premiums that he was owed.

33. Defendants paid Mr. Ramirez partially in cash and partially in a paycheck.

34. Defendants deducted taxes from the cash payments it made to Mr. Ramirez.

35. Defendants did not report or pay those taxes to any government entity.

36. After DOL investigated Defendant Grand Café, Inc., from September 2017 through November 2017, Defendants did not require Mr. Ramirez to work as many hours, but they still did not pay him overtime premiums for hours that he worked over 40 in a workweek and would not let him clock in for all of his hours worked.

37. Among other weeks, Mr. Ramirez worked approximately 47.5 hours during the workweek of September 9, 2017, through September 15, 2017, for which he was paid at his regular hourly rate of pay at the time of $15, without any premium pay for hours worked in excess of 40.

38. Defendants made deductions of three hundred dollars ($300) from Mr. Ramirez's wages on paychecks dated October 13, 2017; October 27, 2017; November 10, 2017; and November 24, 2017, totaling one thousand two hundred dollars ($1,200) in deductions.

39. Defendants were not required by law to make the deductions.

40. The deductions made from Mr. Ramirez's paychecks were not for his benefit.

41. Mr. Ramirez did not agree to the deductions in writing.

42. Defendants altered Plaintiffs' time records to reduce the number of hours that Plaintiffs worked to avoid paying Plaintiffs all of the wages and overtime premiums that they were owed.

43. This reduction of Plaintiffs' recorded hours, in addition to Defendants' failure to pay wages as alleged above led Defendants to fail to pay Plaintiffs all wages earned within the time permitted by O.R.S. § 652.140.

44. Defendants' refusal to pay wages as alleged herein was willful.

45.     Plaintiffs, through their attorney, wrote a demand for their unpaid wages more than twelve (12) days ago.

46.     Defendants still have not paid Plaintiffs all of their wages.

## V. CLAIMS FOR RELIEF

### First Claim – FLSA Retaliation 29 U.S.C. §215(a)(3)

### (All Defendants)

47.     Defendants violated 29 U.S.C. §215(a)(3) by constructively discharging, discriminating, and retaliating against Mr. Ramirez for filing a complaint with DOL, instituting or causing to be instituted a investigation under or related to FLSA, and/or testifying in the investigation by subjecting him to harassment and threats and leaving him no choice but to resign.

48.     Mr. Ramirez is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of FLSA, including without limitation, the payment of wages lost and an additional equal amount as liquidated damages.

49.     In order to secure his rights, Mr. Ramirez has had to obtain the services of an attorney and should be awarded his reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b).

### Second Claim – Oregon Wage Claim Retaliation ORS § 652.355

### (Defendant Grand Café, Inc.)

50.     Mr. Ramirez made a wage claim as defined by ORS § 652.320 when he made a claim to DOL against his employer for overtime compensation for his work.

51.     Defendant violated O.R.S. § 652.355 when it discharged and/or discriminated against Mr. Ramirez for making a wage claim.

52. Mr. Ramirez is entitled to equitable relief that may be appropriate, including back pay, and he is entitled to compensatory damages or $200, whichever is greater, under ORS § 659A.885.

53. In order to secure his rights, Mr. Ramirez has had to obtain the services of an attorney and should be awarded his reasonable attorney fees and costs pursuant to ORS § 659A.885.

### Third Claim – Oregon Whistleblower Discrimination ORS § 659A.199
### (Defendant Grand Café, Inc.)

54. Defendant violated O.R.S. § 659A.199 when it discharged, discriminated and/or retaliated against Mr. Ramirez with regard to the terms, conditions or privileges of employment for the reason that Mr. Ramirez in good faith reported information that Mr. Ramirez believed was evidence of a violation of federal law.

55. Mr. Ramirez is entitled to equitable relief that may be appropriate, including back pay, and he is entitled to compensatory damages or $200, whichever is greater, under ORS § 659A.885.

56. In order to secure his rights, Mr. Ramirez has had to obtain the services of an attorney and should be awarded his reasonable attorney fees and costs pursuant to ORS § 659A.885.

### Fourth Clam - Oregon Overtime ORS § 653.261
### (Defendant Grand Café, Inc.)

57. Defendant violated O.R.S. § 653.261 and O.A.R. 839-020-0030(1) by failing to pay Plaintiffs overtime premiums for all hours worked for Defendants over forty (40) hours per week.

58. Plaintiffs seek relief pursuant to O.R.S. §653.261 and O.R.S. §653.055, in the amount of their unpaid overtime premiums plus their statutory penalty wages in the amount of 240 times their last wage rates.

59. Plaintiffs were required to obtain the services of an attorney and are entitled to recover attorney fees and costs pursuant to O.R.S. § 652.200(2) and O.R.S. § 653.055(4).

### Fifth Claim – Unlawful Deductions ORS § 652.610

### (Defendant Grand Café, Inc.)

60. Defendant violated ORS § 652.610 by deducting wages from Mr. Ramirez's paychecks that they were not required to deduct by law or that were not voluntarily authorized in writing by Mr. Ramirez, for Mr. Ramirez's benefit, and recorded in the employer's books.

61. Mr. Ramirez seeks relief pursuant to O.R.S. § 652.610 and O.R.S. § 652.615 in the amount of his actual damages, or in the alternative, in the amount of a two hundred dollar ($200) statutory penalty.

62. Plaintiffs were required to obtain the services of an attorney and are entitled to recover attorney fees and costs pursuant to O.R.S. § 652.200(2).

### Sixth Claim – Prompt Payment of Wages Upon Termination O.R.S. § 652.140

### (Defendant Grand Café, Inc.)

63. Defendant violated ORS § 652.140 by failing to pay Plaintiffs all of their wages earned within the time permitted by O.R.S. § 652.140.

64. Plaintiffs seek relief pursuant to O.R.S. § 652.150, in the amount of their unpaid wages and 240 times their last wage rate for statutory penalty wages for late payment of wages.

65. Plaintiffs were required to obtain the services of an attorney and are entitled to recover attorney fees and costs pursuant to O.R.S. § 652.200(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court provide the following relief:

1. Award Mr. Ramirez such legal or equitable relief as may be appropriate to effectuate the purposes of FLSA, including without limitation, the payment of wages lost and an additional equal amount as liquidated damages;

2. Award Plaintiffs their unpaid overtime premiums;

3. Award Plaintiffs a statutory penalty in the amount of 240 times their wage rate, pursuant to O.R.S. § 653.055;

4. Award Plaintiff Ramirez his actual damages for unlawful deductions, pursuant to O.R.S. § 652.615, or in the alternative, in the amount of a two hundred dollar ($200) statutory penalty;

5. Award Plaintiffs their unpaid wages;

6. Award Plaintiffs a statutory penalty in the amount of 240 times their wage rate, pursuant to O.R.S. § 652.150;

7. Award Plaintiffs their attorney's fees, costs, and expenses, pursuant to 29 U.S.C. §216(b), O.R.S. § 652.200(2), and O.R.S. § 653.055(4); and

8. Award Plaintiffs such other and further relief as the Court deems appropriate.

DATED this 10th day of August, 2018.

/s/ Corinna Spencer-Scheurich
Corinna Spencer-Scheurich, OSB # 130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, OR 97205
Tel: (503) 525-8454
Fax: (503) 946-3029
Attorney for Plaintiffs